UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SHELLY HILL,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC. d/b/a DD'S DISCOUNTS AND ROSS STORES, INC. d/b/a DD'S DISCOUNTS,

    Defendants.

### NOTICE OF REMOVAL

Defendant, ROSS DRESS FOR LESS, INC. d/b/a DD'S DISCOUNTS, a foreign corporation (Hereinafter "ROSS" or "Defendant") files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Miami Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq*.

### II. BASIS FOR DIVERSITY JURISDICTION

1.    Plaintiff, SHELLY HILL ("Plaintiff"), commenced this civil action in the 11th Judicial Circuit Court In And For Miami-Dade County, Florida styled SHELLY HILL v. ROSS DRESS FOR LESS, INC. d/b/a DD'S DISCOUNTS AND ROSS STORES, INC. d/b/a DD'S

CASE NO.

DISCOUNTS, CASE NO. 12-33901 CA 27 (the "Action").  Attached hereto as Exhibit "1" is a copy of said Complaint and Amended Complaint.[1]

2. ROSS was served with the Complaint on or about August 29, 2012.  ROSS was the first served defendant. Thus, there is no other proper defendant in this matter nor has another defendant been known to be served before said date or since.  Therefore, the time for removal did not begin to run until said date.  Attached hereto as part of Exhibit "2" is the Service of Process Transmittal.  Undersigned counsel for ROSS received the Complaint on or about September 7, 2012.

3. While the Complaint is highly vague and ambiguous, this is an alleged slip and fall action in which ROSS is alleged to have been negligent because of an alleged yet unknown and undescribed "loose plastic" in a ROSS store located at 21401 Northwest 2nd Ave, Miami, FL, 33169.[2]  In short, Plaintiff alleges that on March 16, 2012 she was permanently injured when she fell because of said unknown dangerous condition.  Subsequently, Plaintiff alleges a host of legal conclusions centered around the aforesaid main allegation that ROSS knew about the undescribed "loose plastic" somewhere on the floor.

4. Undersigned counsel received a copy of said Complaint on September 7, 2012 and quickly wrote the letter attached hereto as Exhibit "3" to counsel for Plaintiff.  Undersigned counsel also prepared the proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel.  One of the main basis of both the letter and Joint Stipulation was to cap

---

[1] ROSS STORES, INC. is an unrelated hardware store owned by third-parties that have absolutely no relationship, involvement, connection, or affiliation with ROSS DRESS FOR LESS, INC. or the allegations alleged in the Complaint and/or Amended Complaint. Plaintiff has simply sued a third-party with a similar name as Defendant in an effort to defeat diversity jurisdiction; Plaintiff amended its Complaint to assert the principal place of business of ROSS STORES, INC. in Pensacola, Florida, but ROSS STORES, INC. has nothing to do with Defendant or the pleading allegations.

[2] See Amended Complaint, paragraphs 4 and 6.

alleged damages and thus preclude removal of this matter to federal court. Emails, faxes, letters and/or calls from undersigned counsel followed up with Plaintiff's counsel to attempt to obtain the signing of the Joint Stipulation to avoid removal.

5. Defendant seeks removal to the Southern District of Florida, Miami Division, the District in which the action is now pending.

6. This Notice is filed within thirty (30) days of the date that Defendant first received a copy of the Complaint and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

7. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

8. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 11th Judicial Circuit Court In And For Miami-Dade County, Florida as required by law.

9. Attached to this Notice as Exhibit "4" is a true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

10. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

11. The Amended Complaint states only that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff, if she prevails, are not limited in any fashion, however. Plaintiff alleges that as result of the alleged negligence, Plaintiff sustained *permanent* bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, loss of

CASE NO.

earning capacity and ability to earn money in the future, and the aggravation of previously existing conditions. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation On Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal.

12. Plaintiff is a citizen of Florida and the Defendant ROSS is a California corporation with its principal place of business located at 4440 Rosewood Drive Pleasanton, CA 94588. ROSS is therefore a citizen of the State of California.

13. Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) has been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint and/or Amended Complaint based upon diversity of citizenship.

### III. CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff whom is a citizen of Florida and Defendant whom is a citizen of California. Accordingly, Defendant respectfully requests that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

Dated this 14th day of September, 2012.

CASE NO.

Respectfully submitted,

s/Michael Alexander Garcia
Michael Alexander Garcia, Esq.
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
*Attorneys for Defendant*

CASE NO.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Michael Alexander Garcia
Michael Alexander Garcia

CASE NO.

## SERVICE LIST

CASE NO. 12-33901  CA 27

Eric Bluestein, Esq.
Freidin - Dobrinsky
2 South Biscayne Boulevard
Suite 3100
Miami, Florida 33131
E-Mail: ebluestein@fdlaw.net
Telephone: (305) 371-3666
Facsimile: (305) 371-6725