UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:12-CV-23368-PAS

SHELLY HILL,

      Plaintiff,

vs.

ROSS DRESS FOR LESS, INC. d/b/a DD'S
DISCOUNTS AND ROSS STORES, INC.
d/b/a DD'S DISCOUNTS,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO REMAND AND OBJECTION TO DEFENDANT, ROSS DRESS FOR LESS, INC.'S, NOTICE OF REMOVAL

Plaintiff, Shelly Hill, through counsel, pursuant to 28 U.S.C.A. § 1447(c), files her Motion to Remand and Objection to Defendant, Ross Dress For Less, Inc.'s, Notice of Removal, and states:

## BACKGROUND

1. Plaintiff, Shelly Hill, was severely injured when she slipped and fell on a foreign object on the floor in a discount store known as DD's Discounts.

2. Plaintiff filed her Complaint and then her Amended Complaint in state court, in the Eleventh Judicial Circuit in and for Miami-Dade County, naming Ross Dress for Less, Inc. and Ross Stores, Inc. as Defendants. Plaintiff has a good faith basis for naming both entities as Defendants in this matter.

3. After receiving Plaintiff's Amended Complaint, Defendant, Ross Dress for Less, Inc. d/b/a DD's Discounts, filed its Notice of Removal (the "Notice"), asserting that complete diversity of citizenship exists in this matter sufficient to justify removal jurisdiction. (D.E. 1, ¶13).

4.      Defendant's Notice claims that it "was the first served defendant," and "that ***there is no other proper defendant*** in this matter ***nor has another defendant been known to be served before said date or since***." (D.E. 1, ¶ 2.) (emphasis added.)  In addition, Defendant asserts that the other named Defendant, "ROSS STORES, INC. is an unrelated hardware store owned by third-parties that have absolutely no relationship, involvement, connection, or affiliation with ROSS DRESS FOR LESS, INC. or the allegations alleged in the Complaint and/or Amended Complaint." *Id.* at fn 1.  On this basis, Defendant asserts that "Plaintiff has ***simply sued a third-party with a similar name as Defendant in an effort to defeat diversity jurisdiction*** . . . " *Id.* (emphasis added.)

5.      Importantly, these assertions by Defendant are incorrect.  To begin with, the first sentence of Defendant's initial correspondence with Plaintiff's counsel, which attached Defendant's proposed Joint Stipulation of Alleged Damages, states that the letter is being sent "***[f]urther to our conversation today*** . . . " (*See* Exhibit "A") (emphasis added.)  However, as Plaintiff's counsel pointed out to defense counsel, and as defense counsel subsequently acknowledged, defense counsel did ***not*** speak with Plaintiff's counsel on September 7, 2012.[1]  To date, Plaintiff's counsel still has not had a conversation with defense counsel.  If defense counsel had  spoken with Plaintiff's counsel, Defendant would have been advised, contrary to its assertion that no other Defendant had been served in this matter, that co-Defendant, Ross Stores, Inc., was served with the Complaint in this matter on September 5, 2012. (*See*

---

[1]

Defense counsel, in response to Plaintiff's counsel's confusion about the phantom conversation, explained, "***I intended to call you on September 7***, last Friday, to speak about our proposed Joint Stipulation of Alleged Damages to prevent this matter from being removed to Federal Court. (Exhibit "B") (emphasis added.)

2

Exhibit "C") Thus, both Defendants in this matter were served prior to the Notice being filed. Moreover, Plaintiff did not arbitrarily decide to sue an alleged unrelated third-party entity. Plaintiff had good reason to sue Ross Stores, Inc. Ross Stores, Inc. is a Defendant in this matter because Ross Stores, Inc. is the only entity that corresponded with Plaintiff's counsel prior to the filing of this lawsuit and Ross Stores, Inc. never claimed it was not responsible for the subject premises. (*See* April 3, 2012 and August 22, 2012 letters attached as composite Exhibit "D") In fact, Sedgwick Claims Management Services, Inc., which represented its client to be "Ross Stores, Inc." regarding the incident in this case wrote in its August 22, 2012 letter to counsel that "[w]e have carefully examined the circumstances surrounding this incident that occurred at the above store" and "[w]e have sufficient information at this time to make a proper decision regarding your client's claim . . . it is our determination that Ross is not liable for your client's accident." *Id.* At no point did Ross Stores, Inc. state that it did not own, manage or control the subject premises and discovery on this issue should be permitted with Ross Stores, Inc. on this and other issues.

6.     This matter should be remanded for several reasons. First, both Defendants have ***not*** consented to removal. Only one Defendant has attempted to remove this matter while the other has so far been completely silent. Second, Defendant, Ross Stores, Inc. d/b/a DD's Discounts, which was named as a co-Defendant in good faith for the reasons set forth above, is a Florida Corporation with its principal place of business in Pensacola, Florida. (*See* www.sunbiz.org printout attached as Exhibit "E") Due to the fact that Plaintiff is also a Florida citizen, complete diversity of citizenship does not exist as Plaintiff and one of the named Defendants are both citizens of Florida. Third, because Defendant, Ross Stores, Inc.,

is a Florida corporation and citizen, removal violates 28 U.S.C.A. § 1441(a)(2).  Finally, Defendant has failed to satisfy its burden of showing by the preponderance of evidence that the amount in controversy in this matter exceeds $75,000.00 and Plaintiff's failure to stipulate to the amount of damages in this matter does not remedy this fatal flaw.

## **MEMORANDUM OF LAW**

The law is clear that "[t]he burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird and Son And Asset Realization Co., Inc.*, 519 F. 2d 1081, 1082 (5th Cir. 1975). *See also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[a] party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties.")  "On a motion to remand, the removing party bears the burden of establishing jurisdiction.  The removal statute should be construed narrowly with doubt construed against removal." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).  In other words, "[t]he right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts" and "when the Court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand." *Trade LLC v. New Life Club LLC, 2009 WL 3878071*, *1 (S.D. Fla. 2009).  In the instant matter, this means that Defendant, Ross Dress for Less, Inc., bears the burden of establishing diversity and of establishing federal court jurisdiction and if any doubt exists as to whether removal is proper, this matter should be remanded back to the Eleventh Judicial Circuit Court in Miami-Dade County.

**A.    The Court should remand this matter as only one Defendant has consented to removal.**

As a preliminary matter:

> [r]emoval is proper *only if all of the defendants consent*.  The *unanimity requirement* mandates that in cases involving multiple defendants, *all defendants must consent to removal*.  As the former Fifth Circuit Court of Appeals has stated, the rule of unanimity applies to both diversity jurisdiction and federal-question jurisdiction:

> '[o]nly defendants may remove, either on the ground of federal question or by reason of diversity of citizenship.  In both cases *all of the defendants must join in the petition to remove*.'

*Trade LLC*, *supra*, at * 1, *citing Sheets v. Shamrock Oil & Gas Corp.*, 115 F.2d 880, 883 (5th Cir.

1940). (emphasis added.)

As is evident from the pleadings currently before the Court, although both Defendants have

been served in this matter, only Ross Dress for Less, Inc. has requested that this matter be removed

to federal court and the remaining Defendant has not consented to removal.  Consequently, the

Notice is deficient for this reason alone and this case should be remanded back to state court.

**B.    The Court should remand this matter as Defendant has failed to establish that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.**

Pursuant to 28 U.S.C.A. § 1332(a), in order for Defendant, Ross Dress for Less, Inc., to

establish removal in this matter, Defendant must establish "(1) complete diversity between the

parties, and (2) an amount in controversy that exceeds $75,000." 2010 WL 890170, *Neloms v. MT*

*Transp. and Logistics Services, Inc.*, * 1 (M.D. Ga. 2010).  Because Defendant cannot establish that

this action involves citizens of different states, the Court need not address the amount in

controversy. However, Plaintiff will address both issues in an abundance of caution.

It is axiomatic that "[t]o establish diversity of citizenship, *no defendant can be a citizen of*

*the same state as any plaintiff*." *Washington Mut. Bank v. Schoenlaub*, 2007 WL 2572105, * 2 (M.D. Fla. 2007). (emphasis added.).  As set forth above, and as shown by Exhibit "E," Ross Stores, Inc. is a Florida corporation with its principal place of business in Pensacola, Florida.  Due to the fact that Plaintiff is also a citizen of Florida, complete diversity in this matter does not exist as one of the Defendants is a citizen of the same state as Plaintiff and this case cannot be removed.

Similarly, U.S.C.A. § 1441(a)(2) unambiguously states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under <u>section 1332(a)</u> of this title *may not be removed if any of the parties* in interest properly joined and *served as defendants is a citizen of the State in which such action is brought*." (emphasis added).  It is undisputed that this matter was brought in Florida state court and as established above, Ross Stores, Inc., sued in good faith by Plaintiff, is a Florida citizen.  Therefore, under U.S.C.A. § 1441 (a)(2), this matter must be remanded.

Assuming, *arguendo*, that complete diversity does exist, remand is still appropriate, as Defendant, Ross Dress for Less, Inc. has not carried its burden of showing that the amount in controversy in this matter exceeds $75,000.00.  "Where a plaintiff fails to specify the total amount of damages demanded, *as is the case here*, a defendant seeking removal based on diversity jurisdiction must prove *by a preponderance of the evidence* that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). (emphasis added.) *See also Azzo v. Jetro Rest. Depot, LLC*, 2011 WL 1357557, * 2 (M.D. Fla. 2011).

As far as the amount in controversy is concerned, the facts of the instant matter are strikingly similar to the facts of *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316 (11th Cir. 2001).  In

6

*Williams*, the Plaintiff sued Best Buy "in state court for personal injuries sustained as a result of a slip and fall." *Id.* at 1318.  As in the instant matter, the Plaintiff sought recovery for "permanent physical and mental injuries," as well as "medical expenses," "lost wages," and "diminished earning capacity." *Id.*  The Plaintiff also sought "general damages, special damages, and punitive damages in unspecified amounts." *Id.*  Just like Ross Dress for Less, Inc., Best Buy filed a Notice of Removal, claiming "'Counsel for Plaintiff and Plaintiff have refused to stipulate that Plaintiff's claims do not exceed and will not exceed the sum of $75,000.00.  This suit is for a sum in excess of $75,000.00.'" *Id.*  Additionally, as in the case *sub judice*, "[t]he notice of removal contains no other factual allegations regarding the amount in controversy, and Best Buy did not submit any evidence concerning the amount in controversy." *Id.*

The Eleventh Circuit Court of Appeals held that "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.* at 1319.  In support of its ruling, the Eleventh Circuit Court of Appeals stated that:

> [i]n this case, it is not facially apparent from Williams' complaint that the amount in controversy exceeds $75,000.  We therefore look to Best Buy's notice of removal.  ***Although the notice of removal clearly asserts that the jurisdictional amount is satisfied, the only fact alleged in support of that assertion is that Williams refuses to stipulate that her claims do not exceed $75,000.  There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue.  Thus, the pleadings are inconclusive as to the amount in controversy***.

*Id.* at 1320. (emphasis added.)

Just like in *Williams*, it is not apparent from the Complaint and Amended Complaint filed in this matter that the amount in controversy exceeds $75,000.00.  Also as in *Williams*, the only fact

alleged in support of Defendant's contention that the amount in controversy exceeds $75,000 is Plaintiff's refusal to stipulate that her claims do not exceed $75,000.  In fact, Defendant concedes that "[t]he Amended Complaint states only that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court," which is $15,000.00. [D.E. 1, pg. 3, ¶ 11.] Like *Williams*, the pleadings before this Court are inconclusive as to the amount in controversy, and this matter must be remanded because Defendant has not shown by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.00 and Defendant, therefore, has not met its burden of proof on this issue.[2] *See*, *e.g.*, *Sandifer P'Ship, LTD v. Dolgencorp, Inc.*, 2005 WL 2063790, * 3 (M.D. Fla. 2005) ("[r]emoval cannot be based simply on conclusory allegations that the amount in controversy is satisfied without setting forth the underlying facts supporting such an assertion."); and *Neloms*, *supra*, at * 2("a party's 'mere speculation' that the jurisdictional requirement is met will not satisfy the burden of proving that the claim more likely than not exceeded $75,000.")

## CONCLUSION

For all of the reasons set forth above, this matter should be remanded to state court and Plaintiff's objection to Defendant's Notice of Removal should be sustained.

---

[2]

It is troubling that Defendant has asserted an argument in support of removal regarding the amount in controversy that has been explicitly rejected by the Eleventh Circuit.  It is equally troubling that Defendant failed to cite or discuss the *Williams* case while asserting that argument.

FREIDIN • DOBRINSKY
Counsel for Plaintiff
2 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone:  (305) 371-3666
Facsimile:   (305) 371-6725


By:     */s/ Randy Rosenblum*
        Randy Rosenblum, Esq.
        Fla. Bar No. 0983527
        Rrosenblum@fdlaw.net
        Eric Bluestein, Esq.
        Fla. Bar No. 0058240
        Ebluestein@fdlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorised to receive electronically Notice of Electronic Filing.


        */s/ Randy Rosenblum*
        Randy Rosenblum
        Florida Bar No. 0983527
        Rrosenblum@fdlaw.net
        Eric Bluestein, Esq.
        Fla. Bar No. 0058240
        Ebluestein@fdlaw.net


## SERVICE LIST

9

Eric Bluestein, Esquire (0058240)
Ebluestein@fdlaw.net
Randy Rosenblum, Esquire (0983527)
Rrosenblum@fdlaw.net
FREIDIN • DOBRINSKY, P.A.
2 South Biscayne Boulevard
One Biscayne Tower, Suite 3100
Miami, Florida 33131
Telephone: 305-371-3666
Facsimile: 305-371-6725
*Counsel for Plaintiff*

Michael A. Garcia, Esquire
Mgarcia@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: 305-789-9200
Facsimile:  305-789-9201
*Counsel for Defendant*