UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:12-cv-23368-XXXX

SHELLY HILL,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC. d/b/a DD'S DISCOUNTS AND ROSS STORES, INC. d/b/a DD'S DISCOUNTS,

    Defendants.

**DEFENDANT ROSS DRESS FOR LESS, INC. d/b/a DD'S DISCOUNTS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT & INCORPORATED MEMORANDUM OF LAW**

Defendant, ROSS DRESS FOR LESS, INC. d/b/a DD'S DISCOUNTS (Hereinafter "ROSS"), by and through undersigned counsel and in accordance with the applicable Federal Rules of Civil Procedure and/or Local Rules of this Court, hereby moves to dismiss Plaintiff's Amended Complaint on the basis that it fails to state a proper cause of action and/or is improper under applicable law including the Federal Rules of Civil Procedure and in further support thereof, ROSS states:

**I. INTRODUCTION OF FACTUAL BACKGROUND**

Plaintiff alleges that on or about March 16, 2012, she was on the premises of a DD's Discount store located at 21401 Northwest 2nd Avenue, Miami, Florida when she "slipped and fell" on "loose plastic" on the inside floor.[1] Outside of the aforesaid more than extremely limited

---

[1] As explained in more detail in Defendant's Response to Plaintiff's Motion to Remand and Objection to Defendant's Notice of Removal [D.E. 5], the Ross Stores, Inc. served by Plaintiff is an improper party to this lawsuit and has no affiliation with Ross Dress For Less, Inc. or the d/b/a DD's Discounts.

factual allegation, there are no other facts or specifics of any kind provided in the Amended Complaint, although the Amended Complaint does allege numerous legal conclusions. The Amended Complaint does not even allege in any form where in the store the incident occurred or what the "loose plastic" purports to be, such as a plastic clothes hangar, shrink wrap, sales tag, etc.[2]

Additionally, while the Amended Complaint titles its count as "Negligence Against Defendant Ross Dress for Less, Inc. d/b/a DD's Discounts" there are no facts about what ROSS did or did not do to constitute negligence. The bulk of the Amended Complaint consists of a series of legal conclusions most of which are repeated throughout the Amended Complaint and particularly in paragraphs 12 – 17. For instance, nothing is alleged as to where within the store the incident occurred, how the "loose plastic" caused Plaintiff to slip and fall, which department, at what time, where was the Plaintiff located, what was the nature or description of the "loose plastic," including its dimensions, characteristics, color, or anything remotely specific about the alleged "loose plastic" to facilitate its identification, whether the "loose plastic" was a hidden or concealed danger – all required facts for any viable premises claim. Furthermore, the Amended Complaint alleges numerous legal conclusions regarding ROSS' failure to take reasonable measures to prevent the "loose plastic" from accumulating on the floor, but there are no factual allegations identifying the purported reasonable measures that ROSS should have taken and/or failed to follow. Consequently, ROSS cannot answer this Amended Complaint in its current format.

The Amended Complaint also violates several rules of procedure, including stating several sentences within the same paragraph (see paragraphs 5, 13 and 17) or containing numerous sub-parts within the same alleged paragraph (see paragraph 15). Consequently,

---

[2] See Amended Complaint ¶ 9.

ROSS cannot answer the Amended Complaint in its current form and a viable Second Amended Complaint must be provided or alternatively a more definite statement as to what this case is really about including real supporting facts. As is stands, ROSS does not know what it has been sued for or why.

## II. MEMORANDUM OF LAW

The Complaint fails to state a claim and should be dismissed, or in the alternative Plaintiff should provide a more definite statement. See Federal Rule of Civil Procedure 12(b)(6) and Rule 12(e). Additionally, the Complaint is a shotgun pleading which violates the clear mandate of Federal Rule of Civil Procedure 8(a) that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10(b), that each claim for relief be stated in a separate count. Such a pleading should be dismissed, and the Plaintiffs required to replead. *See Davis v. Coca Cola Bottling Co.,* Consol., 2008 U.S. App. LEXIS 2562, at *72 (11th Cir. 2008); *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)(to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true"); *See Pafumi v. Davidson*, 2007 U.S. Dist. LEXIS 43138 (S.D. Fla. 2007)(plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *See David v. Am. Suzuki Motor Corp*., 2009 U.S. Dist. LEXIS 57978 (S.D. Fla. 2009)(same); *See Olivares v. Doctor's Osteopathic Med. Ctr., Inc.,* 2008 U.S. Dist. LEXIS 62690 (M.D. Fla. 2008) citing *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955 (2007)(A complaint needs to provide the grounds of entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all of the complaint's allegations are true. Plaintiff must plead enough facts to state a plausible basis for the claim).

A. **Key Deficiencies in the Complaint**

The Amended Complaint fails to include allegations critical to a premises liability case such as that alleged by this Plaintiff. Other than the store's address and the few words about a slip and alleged fall on "loose plastic," no other facts are alleged at all. Nothing about what the "loose plastic" purports to be nor is a physical description provided to facilitate the identification of the "loose plastic," how the "loose plastic" allegedly caused the fall, what Plaintiff was doing at the time of the alleged fall, or the specific location of the purported incident. Notably, the Amended Complaint fails to identify what particular area within the huge department store the incident occurred outside of mentioning "the floor" or what reasonable measures to prevent the "loose plastic" from accumulating on the floor should have been taken by ROSS. Such facts are critical to any premises case including a case such as this matter. Such facts are not only required to determine the existence of a duty and the standard of care owed by Defendant to Plaintiff, but also because and among other things to determine how any alleged foreign substance arrived at the floor which in turn creates issues as to whom was responsible for the specific floor area. At a minimum, such allegations are necessary to allow Defendant to determine, among other things, precisely what did or did not take place, when, how and why, and in order to respond meaningfully to the Amended Complaint.

In this case, Plaintiff merely alleges that Defendant had a floor at an otherwise unspecified location in the store, and that Plaintiff fell because of "loose plastic" on the floor. Plaintiff does not allege any facts as to the alleged event such as, for example:

(a)  where in the store the fall was located or how it occurred;

(b)  when the incident occurred or how she arrived at the location;

    (c)    what Plaintiff was doing at the moment of the fall;

    (d)    a physical description of the alleged "loose plastic" (small, medium, large, color, etc.) or anything about it;

    (e)    did anything cause anything to arrive on the floor or not be visible or why Plaintiff made an effort to walk upon it; and

    (f)    What reasonable measures should have been taken by Defendant.

Additionally, Plaintiff's Amended Complaint fails to provide, not only facts, but also any causal connection to her purported injuries. The Amended Complaint fails to specify when or how Plaintiff claims she fell, or the causal relation between the fall and Plaintiff's alleged damages. As with the other paragraphs, all paragraphs merely make broad general legal statements that Defendant failed to do this or that without providing any factual support on how these allegations relate to the purported incident.

### B.    <u>Complaint Fails to State a Claim</u>

This Court recently underscored that pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed for "failure to state a claim upon which relief can be granted if it does not plead enough facts to state a claim to relief that is plausible on its face". *Hesterly v. Royal Caribbean Cruises*, 515 F. Supp. 2d 1278, 1281 (S.D. Fla. 2007). Although a plaintiff need not state in detail the facts upon which he bases his claim, Federal Rule of Civil Procedure 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Id. In other words, a plaintiff's pleading obligation requires more than mere labels and conclusions. *Id.* The previous standard that there be "no set of facts" before a motion to dismiss is granted has thus been abrogated in favor of one that requires a pleading to be "plausible on its face." In order to survive a motion to dismiss, the plaintiff must have nudged his or her claims across the line from conceivable to plausible. *Id.; See Pafumi v. Davidson*, 2007 U.S. Dist.

LEXIS 43138 (S.D. Fla. 2007)(to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."). Our courts have an obligation in matters before them to view the complaint as a whole and to base a ruling not on the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable, drawing on the allegations of the Complaint, but in a realistic, rather than a slavish manner. *City of Pittsburgh v. West Penn Power Company*, 147 F.3d 256, 263 (3d Cir. 1998); *See Olivares v. Doctor's Osteopathic Med. Ctr., Inc.,* 2008 U.S. Dist. LEXIS 62690 (M.D. Fla. 2008) citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)(A complaint needs to provide the grounds of entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. Plaintiff must plead enough facts to state a plausible basis for the claim); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 2008 U.S. Dist. LEXIS 61697 (S.D. Fla. 2008)(same); *Valerio v. SmithKline Beecham Corp.,* 2008 U.S. Dist. LEXIS 60242 (S.D. Fla. 2008)(same).

As mentioned above, the Amended Complaint is devoid of essential facts while violating both the procedural rules and applicable law. As it now stands, the Amended Complaint's allegations do not rise beyond the speculative level, leaving Defendant guessing as to what it has been sued for or why, and consequently more facts must be pled to state a plausible claim. The Amended Complaint should be dismissed with Plaintiff filing a proper Amended Complaint.

### Florida Law Also Mandates Dismissal

Although federal rules of procedure apply to procedural considerations in this case, Florida state law governs substantively. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Under Florida law, the duty of care of a landowner for injury caused by

the landowner's active conduct or affirmative negligence is different from that applicable to injury alleged to be caused by a condition on the premises. *Hix v. Billen*, 284 So. 2d 209, 210 (Fla. 1973); *Maldonado v. Jack M. Berry Grove Corp.,* 351 So. 2d 967, 968 (Fla. 1977). Plaintiff's allegations, which commingle claims relating to conditions on the premises and those relating to the Defendant's conduct, i.e. failure to take reasonable measures, renders any meaningful response impossible. *Id.*

Furthermore, the allegations that Defendant had a duty to warn the Plaintiff of "the presence of plastic"– does not state a claim under Florida law. A landowner's duty to warn is only triggered where the "dangerous condition" is concealed and: (1) was or should have been known to the landowner; (2) was unknown to the invitee; and (3) could not be discovered by him or her through the exercise of due care. The Amended Complaint does not allege any such "hidden danger" that was unknown by Plaintiff.

### **Federal Rule 12(e)**

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *Morrison v. Morgan Stanley Props.*, 2008 U.S. Dist. LEXIS 2506 (S.D. Fla. 2008). The Rule states that:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Accordingly, in the alternative, the Plaintiff's Amended Complaint should be dismissed and the Plaintiff should be required to provide a more definite statement.

1:12-cv-23368-XXXX

## III.  CONCLUSION

For all the foregoing reasons and based on the cited authorities, and because the Amended Complaint fails to comply with the applicable Federal Rules of Civil Procedure, fails to state a definite statement, or fails to state a claim upon which relief can be granted, an Order should be entered Dismissing the Amended Complaint or, in the alternative, requiring a proper Second Amended Complaint.

    Respectfully submitted,

    s/Michael Alexander Garcia
    Michael Alexander Garcia, Esq.
    Fla. Bar No. 0161055
    Email: mgarcia@fowler-white.com
    FOWLER WHITE BURNETT, P.A.
    Espirito Santo Plaza, Fourteenth Floor
    1395 Brickell Avenue
    Miami, Florida 33131
    Telephone:    (305) 789-9200
    Facsimile:    (305) 789-9201
    *Attorneys for Defendant*

1:12-cv-23368-XXXX

## CERTIFICATE OF SERVICE

      I hereby certify that on October 2, 2012, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                s/ Michael Alexander Garcia
                                Michael Alexander Garcia

1:12-cv-23368-XXXX

## SERVICE LIST

CASE NO. 1:12-cv-23368-XXXX

Eric Bluestein, Esq.
Freidin - Dobrinsky
2 South Biscayne Boulevard
Suite 3100
Miami, Florida 33131
E-Mail: ebluestein@fdlaw.net
Telephone: (305) 371-3666
Facsimile: (305) 371-6725