UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:12-cv-23368-XXXX

SHELLY HILL,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC. d/b/a DD'S DISCOUNTS,

    Defendants.

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, ROSS DRESS FOR LESS, INC. d/b/a DD'S DISCOUNTS ("Ross and/or Defendant"), by and through undersigned counsel and in accordance with the applicable Federal Rules and Procedures and/or Local Rules of this Court, hereby moves to dismiss Plaintiff's Second Amended Complaint on the basis that it fails to state a proper cause of action and/or is improper under the applicable Federal Rules of Civil Procedure and in further support thereof, Ross states:

### I.  INTRODUCTION OF FACTUAL BACKGROUND

Defendant previously filed a Motion to Dismiss Plaintiff's original Complaint. Thereafter, Plaintiff filed a Motion for Leave to Amend Complaint [D.E. 12], which was granted by this Court. [D.E.16]. Nevertheless, the primary defects existing in Plaintiff's original Complaint are unfortunately still remaining in Plaintiff's Second Amended Complaint. While the Second Amended Complaint contains additional facts as to where in Defendant's store the accident is alleged to have occurred, the Second Amended Complaint still lacks the factual specificity required by the Federal Rules of Civil Procedure. Accordingly, Defendant primarily

raises the same defects in support of dismissing Plaintiff's Second Amended Complaint that were previously addressed in Defendant's Motion to Dismiss Plaintiff's original Complaint.

Plaintiff alleges that on or about March 16, 2012, she was on the premises of a DD's Discount store located at 21401 Northwest 2nd Avenue, Miami, Florida when she "slipped and fell" on "loose plastic" on the inside floor.[1] Outside of the aforesaid more than extremely limited factual allegation, there are no other facts or specifics of any kind provided in the Second Amended Complaint identifying what the "loose plastic" purports to be, such as a plastic clothes hangar, shrink wrap, sales tag, etc., although the Second Amended Complaint does allege numerous legal conclusions. There are no allegations describing the nature or description of the "loose plastic," including its dimensions, characteristics, color, or anything remotely specific about the alleged "loose plastic" to facilitate its identification – all required facts for any viable premises claim. Similarly, the Second Amended Complaint alleges Defendant failed to take "reasonable measures" to prevent the accumulation of "plastic" on the floor, however, there are no factual allegations identifying the purported reasonable measures that ROSS should have taken and/or failed to follow. Consequently, ROSS cannot answer this Second Amended Complaint in its current format. Defendant cannot frame an answer concerning "reasonable measures" when it does not know what type of "plastic" object constituted the hazardous condition. Obviously, Defendant's measures pertaining to keeping plastic hangars off the floor may be different than its measures for keeping plastic shirt packaging off the floor.

## II. MEMORANDUM OF LAW

The Second Amended Complaint fails to state a claim and should be dismissed, or in the alternative Plaintiff should provide a more definite statement.  See Federal Rule of Civil Procedure 12(b)(6) and Rule 12(e).  Additionally, the Second Amended Complaint is a shotgun

---

[1] Second Amended Complaint ¶ 9.

pleading which violates the clear mandate of Federal Rule of Civil Procedure 8(a) that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10(b), that each claim for relief be stated in a separate count. Such a pleading should be dismissed, and the Plaintiffs required to replead. *See Davis v. Coca Cola Bottling Co., Consol.*, 2008 U.S. App. LEXIS 2562, at *72 (11th Cir. 2008); *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)(to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true"); *See Pafumi v. Davidson*, 2007 U.S. Dist. LEXIS 43138 (S.D. Fla. 2007)(plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *See David v. Am. Suzuki Motor Corp.*, 2009 U.S. Dist. LEXIS 57978 (S.D. Fla. 2009)(same); *See Olivares v. Doctor's Osteopathic Med. Ctr., Inc.,* 2008 U.S. Dist. LEXIS 62690 (M.D. Fla. 2008) citing *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955 (2007)(A complaint needs to provide the grounds of entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. Plaintiff must plead enough facts to state a plausible basis for the claim).

A. **Key Deficiencies in the Complaint**

The Second Amended Complaint fails to include allegations critical to a premises liability case such as that alleged by this Plaintiff. Other than the store's address, the location of the accident scene within Defendant's store, and a few words about a slip and alleged fall on "loose plastic," no other facts are alleged at all. Nothing about what the "loose plastic" purports to be nor is a physical description provided to facilitate the identification of the "loose plastic."

Notably, the Second Amended Complaint fails to identify what reasonable measures to prevent the "loose plastic" from accumulating on the floor should have been taken by ROSS. Such facts are critical to any premises case including a case such as this matter. Such facts are not only required to determine the existence of a duty and the standard of care owed by Defendant to Plaintiff, but also because and among other things to determine how any alleged foreign substance arrived at the floor which in turn creates issues as to whom was responsible for the specific floor area. At a minimum, such allegations are necessary to allow Defendant to determine, among other things, precisely what did or did not take place, when, how and why, and in order to respond meaningfully to the Second Amended Complaint.

In this case, Plaintiff merely alleges that Defendant had a floor near the cash register and that Plaintiff fell because of "loose plastic" on the floor. Plaintiff does not allege any facts as to the alleged event such as, for example:

(a) a physical description of the alleged "loose plastic" (small, medium, large, color, etc.), what it purports to be, or anything about it; and

(b) what reasonable measures should have been taken by Defendant.

Additionally, Plaintiff's Second Amended Complaint fails to provide, not only facts, but also any causal connection to her purported injuries. The Second Amended Complaint fails to specify how Plaintiff claims she fell, i.e. did she step on the "plastic," or the causal relation between the fall and Plaintiff's alleged damages. As with the other paragraphs, all paragraphs merely make broad general legal statements that Defendant failed to do this or that without providing any factual support on how these allegations relate to the purported incident.

B. **Complaint Fails to State a Claim**

This Court recently underscored that pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed for "failure to state a claim upon which relief can be

granted if it does not plead enough facts to state a claim to relief that is plausible on its face". *Hesterly v. Royal Caribbean Cruises*, 515 F. Supp. 2d 1278, 1281 (S.D. Fla. 2007). Although a plaintiff need not state in detail the facts upon which he bases his claim, Federal Rule of Civil Procedure 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. *Id*. In other words, a plaintiff's pleading obligation requires more than mere labels and conclusions. *Id*. The previous standard that there be "no set of facts" before a motion to dismiss is granted has thus been abrogated in favor of one that requires a pleading to be "plausible on its face." In order to survive a motion to dismiss, the plaintiff must have nudged his or her claims across the line from conceivable to plausible. *Id.; See Pafumi v. Davidson*, 2007 U.S. Dist. LEXIS 43138 (S.D. Fla. 2007)(to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."). Our courts have an obligation in matters before them to view the complaint as a whole and to base a ruling not on the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable, drawing on the allegations of the Complaint, but in a realistic, rather than a slavish manner. *City of Pittsburgh v. West Penn Power Company*, 147 F.3d 256, 263 (3d Cir. 1998); *See Olivares v. Doctor's Osteopathic Med. Ctr., Inc.,* 2008 U.S. Dist. LEXIS 62690 (M.D. Fla. 2008) citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)(A complaint needs to provide the grounds of entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. Plaintiff must plead enough facts to state a plausible basis for the claim); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 2008 U.S. Dist. LEXIS 61697 (S.D. Fla. 2008)(same); *Valerio v. SmithKline Beecham Corp.,* 2008 U.S. Dist. LEXIS 60242 (S.D. Fla. 2008)(same).

As mentioned above, the Second Amended Complaint is devoid of essential facts while violating both the procedural rules and applicable law. As it now stands, the Second Amended Complaint's allegations do not rise beyond the speculative level, leaving Defendant guessing as to what it has been sued for or why, and consequently more facts must be pled to state a plausible claim. The Second Amended Complaint should be dismissed with Plaintiff filing a proper Third Amended Complaint.

### Florida Law Also Mandates Dismissal

Although federal rules of procedure apply to procedural considerations in this case, Florida state law governs substantively. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Under Florida law, the duty of care of a landowner for injury caused by the landowner's active conduct or affirmative negligence is different from that applicable to injury alleged to be caused by a condition on the premises. *Hix v. Billen*, 284 So. 2d 209, 210 (Fla. 1973); *Maldonado v. Jack M. Berry Grove Corp.,* 351 So. 2d 967, 968 (Fla. 1977). Plaintiff's allegations improperly commingle claims under a single count relating to conditions on the premises and those relating to the Defendant's affirmative conduct, i.e. failure to take "reasonable measures," which renders any meaningful response impossible. *Id.*

### Federal Rule 12(e)

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *Morrison v. Morgan Stanley Props.*, 2008 U.S. Dist. LEXIS 2506 (S.D. Fla. 2008). The Rule states that:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the

>defects complained of and the details desired. If the court orders a
>more definite statement and the order is not obeyed within 10 days
>after notice of the order or within the time the court sets, the court
>may strike the pleading or issue any other appropriate order.

Accordingly, in the alternative, the Plaintiff's Second Amended Complaint should be dismissed and the Plaintiff should be required to provide a more definite statement.

### III.  CONCLUSION

For all the foregoing reasons and based on the cited authorities, and because the Second Amended Complaint fails to comply with the applicable Federal Rules of Civil Procedure, fails to state a definite statement, or fails to state a claim upon which relief can be granted, an Order should be entered Dismissing the Second Amended Complaint or, in the alternative, requiring a proper Third Amended Complaint.

Respectfully submitted,

/s/Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

CASE NO. 12-33901  CA 27

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2012, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Michael Alexander Garcia  
Michael Alexander Garcia

CASE NO. 12-33901  CA 27

## SERVICE LIST

CASE NO. 1:12-cv-23368-XXXX

Eric Bluestein, Esq.
Freidin - Dobrinsky
2 South Biscayne Boulevard
Suite 3100
Miami, Florida 33131
E-Mail: ebluestein@fdlaw.net
Telephone: (305) 371-3666
Facsimile: (305) 371-6725