UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23368-CIV-SEITZ/SIMONTON

SHELLY HILL,

        Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.,

        Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [DE-19]. Plaintiff's one count negligence complaint alleges that she was injured when she slipped and fell on a piece of plastic in Defendant's store. Defendant moves to dismiss because Plaintiff has failed to allege adequate facts to state a claim and Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 10(b). In the alternative, Defendant seeks a more definite statement. Because Plaintiff has adequately pled a cause of action for negligence, Defendant's Motion is denied.

### I. Facts Alleged in the Second Amended Complaint

Plaintiff's Second Amended Complaint alleges that on March 16, 2012, she was in Defendant's store at 21401 Northwest 2nd Avenue in Miami. Plaintiff was lawfully on the property as a customer and business invitee. At approximately 3:30 p.m., while walking towards the cash register, Plaintiff slipped and fell on a loose piece of plastic on the floor of Defendant's store. At the time of her fall, Plaintiff did not know that there was loose plastic on the floor of

the store and, because it was concealed, Plaintiff could not have discovered the plastic through the exercise of her own care.

Plaintiff alleges that Defendant negligently maintained its premises, which resulted in the piece of plastic being on the floor and that area of the store being unreasonably dangerous. The condition which rendered the store floor unreasonably dangerous existed for a sufficient amount of time before Plaintiff's fall that Defendant should have known of the dangerous condition. Defendant knew or should have known of the condition at the time of Plaintiff's incident. Plaintiff alleges that Defendant has a duty to use reasonable care to maintain its premises in a safe condition; to protect Plaintiff from the harmful effects of dangerous conditions in the store; to learn of the existence of any dangerous conditions in the store, including the plastic on the floor; and to warn Plaintiff of the plastic on the floor.

Thus, Defendant was allegedly negligent because it failed to warn Plaintiff of the plastic on the floor, failed to take reasonable measures to prevent the accumulation and presence of plastic on the floor, failed to timely clean up the plastic, failed to correct a dangerous condition, and failed to maintain the store in a safe and reasonable manner. As a result, Plaintiff suffered damages.

## II. Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion

to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## III. Discussion

Defendant asserts that Plaintiff has failed to state a cause of action for premises liability because she has not identified what the loose piece of plastic was nor provided a physical description of the plastic piece and because she has not identified what reasonable measures Defendant should have taken. Defendant, however, has provided no authority supporting the proposition that Plaintiff must include either of these things in her pleadings. Despite Defendant's assertions to the contrary, Plaintiff has pled more than mere conclusions; she has set

forth the facts establishing that Defendant owed her a duty, that Defendant breached that duty, and that, as a result, Plaintiff was injured. Plaintiff need only set out a short and plain statement of her claim. *See* Fed. R. Civ P. 8(a). She has met this burden by alleging when, where and how she was injured and that she was injured because Defendant breached specified duties that it owed to her. Thus, Plaintiff has set forth factual allegations that raise her right to relief above the speculative level.

Defendant also argues that Plaintiff's Second Amended Complaint should be dismissed because she improperly commingles claims under a single count, specifically a claim for negligence caused by Defendant's actions and a claim for negligence based on the condition of the premises. Plaintiff asserts that she has properly alleged a claim for negligence based on several different theories and that all may be alleged in a single count. Federal Rule of Civil Procedure 10(b) states, in pertinent part:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Plaintiff's Second Amended Complaint complies with Rule 10(b). Plaintiff has pled in numbered paragraphs, each of which is limited to a single set of circumstances. Plaintiff's claim is based on a single transaction or occurrence. Consequently, separate counts are not required by the Rule.

Finally, Defendant moves for a more definite statement because Plaintiff's Second Amended Complaint is so vague or ambiguous that Defendant cannot be expected to formulate a response to it. A review of the Second Amended Complaint establishes that it is not vague or

4

ambiguous. Plaintiff's claim is clearly stated. Consequently, a more definite statement is not required. Accordingly, it is

ORDERED that:

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [DE-19] is DENIED.

2. Defendant shall file an Answer by **January 17, 2013.**

DONE and ORDERED in Miami, Florida, this 3rd day of January, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record