UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23368-CIV-SEITZ/SIMONTON

SHELLY HILL,

      Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.,

      Defendant.
_____/

## ORDER DENYING MOTION FOR ADVERSE INTEREST AND GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on two motions: Defendant's Motion for Summary Judgment [DE-51][1] and Plaintiff's Motion for Adverse Jury Instruction as a Result of Defendant's Spoliation of Evidence [DE-53].[2] Plaintiff's one count negligence complaint alleges that she slipped and fell on a loose piece of plastic in Defendant's store and was injured. Defendant moves for summary judgment because Plaintiff cannot establish that Defendant knew or should have known about the loose plastic before Plaintiff's fall. In opposition to the summary judgment motion, Plaintiff also seeks an adverse inference jury instruction based on Defendant's destruction of store surveillance video footage. Plaintiff, however, is not entitled to an adverse inference because Plaintiff has not shown that Defendant destroyed the store surveillance video in bad faith or that it would have shown when or how the plastic ended up on the floor. Without the adverse inference and taking all the record evidence in the light most

---

[1] Plaintiff has filed a response [DE-62] and Defendant has filed a reply [DE-68].

[2] Defendant has filed a response [DE-64] and Plaintiff has filed a reply [DE-65].

favorable to Plaintiff, no genuine issue of material fact exists as to when Defendant last inspected the area where Plaintiff fell. Thus, Plaintiff cannot establish that Defendant knew or should have known about a hazardous condition in its store. Consequently, Defendant is entitled to summary judgment.

## I. Undisputed Material Facts

*The Incident*

On March 16, 2012, Plaintiff was shopping at DD's Discounts, a store owned by Defendant, when she slipped on a loose piece of plastic and fell. (Pl. Dep. 74:12-14; 95:5-12.) While Plaintiff does not remember where she was when she fell, Defendant states, and Plaintiff does not dispute, that Plaintiff fell in the "home section" near the rug merchandise. (Deler Dep. 66:16-19; 67:11-16.)

Defendant's employee Bianca Deler (Deler) worked in the home section. She had inspected the area where Plaintiff fell approximately ten minutes prior to Plaintiff's fall and did not see anything on the floor that day. (Deler Dep. 21:9-14; 67:4-7.) Deler testified that when she is working she walks around the home department every ten minutes and when she is doing this she is looking for things on the floor. (*Id.* at 22:19-23:14; 28:6-19.) If Deler finds something on the floor, she cleans it up. (*Id.* at 27:10-15.) Deler testified that Defendant instructs its employees to always be on the look-out for items on the floor and to pick up any items that an employee sees on the floor. (*Id.* at 35:10-36:24.) Other employees also walk through the home section regularly because it is on the way to the break-room. (*Id.* at 68:1-25.)

Charles Lewis, another of Defendant's employees, also testified that he had been through the area where Plaintiff fell about ten to fifteen minutes before Plaintiff's fall. (Lewis Dep. 39:4-

8.) Lewis testified he had been in the area escorting a guard who was bringing cash into the store. (*Id.* at 39:11-40:12.) However, the store manager testified that a manager, not Lewis, would have accompanied the guard. (Pita Dep. 43:18-44:3.)

The store manager testified that there is not a certain number of times that an employee is supposed to go through their area. (Pita Dep. 49:11-18.) However, the manager would have expected Deler to walk through her department at least once an hour. (*Id.* at 49:25-50:11.) The manager has never instructed employees to walk through their area every 20 to 25 minutes. (*Id.* at 50:13-18).

Plaintiff's sister, Sherry Hill, arrived at the store a few minutes after Plaintiff fell and noted that the store was a mess and "[e]verything was on the floor everywhere." (Sherry Hill Dep. 9:22-24.) Approximately twenty to thirty minutes after Plaintiff fell, her daughter, Nikeya Hill, came to the store and also found the store was "a mess." (N. Hill Dep. 18:19.) However, Nikeya Hill was not in the store when the accident occurred and does not know for how long items had been on the floor. (*Id.* at 19:2-23.) Nikeya Hill took picture of the piece of plastic (DE-62-2) on which Plaintiff fell and of other areas of the store (DE-62-7). The pictures depicting other areas of the store show areas of the floor around clothing racks, with clothing, hangars and other items on the floor. (DE-62-7.) There are two pictures of the plastic in the Home section; one shows nothing on the floor except the piece of plastic and the other shows a thin piece of paper coming out from the bottom of what appears to be a rolled-up rug. (DE-62-2.) No other items are shown laying on the floor near the piece of plastic.

3

*Video Surveillance*

Defendant has video surveillance cameras throughout the store. However, the area where Plaintiff fell is in a "blind spot." One of Defendant's employees viewed the video footage of the day that Plaintiff fell but noted that the incident was not on tape and did not save the footage of the surrounding areas. However, Defendant did save footage of the store entrance and exit for the time period before and after Plaintiff's incident. The surveillance equipment automatically records over all footage after 30-45 days. Consequently, the footage of the area near where Plaintiff's incident occurred was recorded over.

## II. Plaintiff's Motion for Adverse Inference Instruction is Denied

Plaintiff seeks an adverse jury instruction because Defendant did not save the store surveillance video taken of the area near where Plaintiff fell on the day she fell. While Plaintiff appears to concede that the cameras in the store did not actually record the exact area where Plaintiff fell, she argues that the cameras did record the areas nearby and would have shown when Defendant's employees last inspected the area. Because Defendants reviewed the surveillance tape but did not save it, Plaintiff asks the Court to give the following jury instruction:

> The term "spoliation" refers to the failure to preserve evidence that is necessary to contemplated or pending litigation. The law provides that spoliation creates a rebuttable presumption that the evidence not preserved was unfavorable to the party responsible for the spoliation. In this case, because Defendant disposed of the video footage before providing Plaintiff an opportunity to inspect and review it, you may presume that Defendant had constructive notice of the plastic on its store floor, however, Defendant may rebut that presumption.

Plaintiff maintains that she is entitled to the jury instruction because Defendant, despite asserting the work product privilege over the video, destroyed the video taken the day of Plaintiff's

4

incident. She argues the video would rebut Deler's testimony that she walked through the Home area every ten minutes. Defendant responds that it never had video of the area where the incident took place because the area is in a "blind spot" between surveillance cameras and, therefore, it was not under any obligation to preserve the video of areas where no incident took place.

An adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith. *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997) (finding no bad faith when loss of evidence, a tape that recorded the speed of a train, was wholly unexplained). "While this circuit does not require a showing of malice in order to find bad faith, mere negligence in losing or destroying records is not sufficient to draw an adverse inference." *Mann v. Taser International, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009). In *Walter v. Carnival Corp.*, 2010 WL 2927962 (S.D. Fla. 2010) (citing *Calixto v. Watson Bowman Acme Corp.*, 2009 WL 3823390, at *16 (S.D.Fla. Nov.16, 2009)), the court held that:

> If direct evidence of bad faith is unavailable, bad faith may be founded on circumstantial evidence when the following criteria are met: (1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

*See also Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1331 (S.D. Fla. 2010) (using same standard).

Unfortunately for Plaintiff, she has not shown that Defendant had a duty to preserve surveillance video that does not actually show the area where the incident occurred. Thus,

Plaintiff is not entitled to an adverse inference.[3] Further, even if Defendant had a duty to preserve the video, Plaintiff has not shown that Defendant destroyed the video in bad faith. The video was not affirmatively destroyed by Defendant; it was recorded over as part of Defendant's usual operating procedures. Finally, had the video been preserved, at most it would have shown when Defendant's employees were in the general vicinity of Plaintiff's fall. It would not have shown when the loose piece of plastic ended up on the floor. Thus, even if Plaintiff were entitled to an adverse inference, the inference would only be as to when Defendant's employees were in the area, not that the employees knew or should have known of the plastic on the floor. Consequently, Plaintiff's Motion for an Adverse Jury Instruction is denied.

## III. Defendant's Motion for Summary Judgment is Granted

### A. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the

---

[3] Plaintiff's heavy reliance on *Woodward v. Wal-Mart Stores East, LP*, 801 F. Supp. 2d 1363 (M.D. Ga. 2011), in support of the motion for adverse inference is misplaced because it was decided under Georgia law, not Florida law. Georgia law does not require a finding of bad faith in order to impose sanctions for spoliation. *Id.* at 1372.

non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### B. Analysis

Defendant moves for summary judgment because Plaintiff cannot establish that Defendant knew or should have known of the hazardous condition, the loose piece of plastic, because there is no evidence establishing when or how the plastic ended up on the floor. Under Florida law:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> (b) The condition occurred with regularity and was therefore foreseeable.

7

Fla. Stat. § 768.0755(1). A plaintiff has the burden of presenting competent evidence of actual or constructive notice by the premises owner of the dangerous condition. *Winn-Dixie Stores, Inc. v. Mazzie*, 707 So. 2d 927, 929 (Fla. 5th DCA 1998) and cases cited therein. Thus, in order to hold the premise's owner liable, a plaintiff must show that the dangerous condition existed on the floor for a sufficient length of time to charge the owner with constructive knowledge of the condition. *Winn Dixie Stores, Inc. v. Williams*, 264 So. 2d 862, 864 (Fla. 3d DCA 1972). Florida courts have found that 15-20 minutes is a sufficient amount of time to charge the premise's owner with constructive knowledge of the condition. *Id.*; *Little v. Publix Supermarkets, Inc.*, 234 So. 2d 132, 134 (Fla. 4th DCA 1970). However, in Florida, in order to establish constructive notice through circumstantial evidence, more than just the passage of time is necessary. For example, in *Williams*, the manager testified that he had been through the aisle where the plaintiff had fallen fifteen to twenty minutes before the accident and Plaintiff and a witness testified that the substance on the floor on which Plaintiff slipped was sticky, dusty and dirty, *Williams*, 264 So. 2d at 863-64, and in *Little*, the plaintiff testified that she was alone, except for a woman with whom she spoke, in the aisle where she fell for fifteen to twenty minutes and did not hear anything drop, break or spill. *Little*, 234 So. 2d at 133.

According to Defendant, Plaintiff has not presented any evidence that Defendant had either actual or constructive knowledge of the piece of plastic on the floor. Further, Plaintiff has not presented any evidence indicating when or how the plastic ended up on the floor. Plaintiff responds that a material issue of fact exists as to when Defendant's employees last inspected the area where Plaintiff fell and thus it is not clear how long the plastic was on the floor.

8

The record evidence does not indicate how the plastic got on the floor or how long it had been there. Plaintiff admittedly does not know, Pl. Dep at 60:5-10, and two of Defendant's employees testified that they had walked through the area ten to fifteen minutes before Plaintiff's fall and had not seen the plastic on the floor. Plaintiff argues that a genuine issue of material fact exists as to when Defendant's employees last walked through and inspected the area because of: (1) inconsistent interrogatory answers and deposition testimony; (2) inconsistent testimony of store employees; and (3) the generally "messy" appearance of the store. A review of the interrogatory answers and deposition testimony, however, shows that there is not an inconsistency. Defendant's interrogatory answers state that Bianca Deler "inspected the incident location approximately 30 minutes *or less* before the incident occurred and did not observe any hazardous conditions on the floor." *See* DE-62-3 at ¶11 (emphasis added). Deler testified that she had inspected the area ten minutes before the incident. *See* Deler Dep. at 21:9-14. Because the interrogatory answer states "or less," it is not inconsistent with Deler's deposition testimony. Thus, contrary to Plaintiff's assertions, Plaintiff is not entitled to the inference that Deler was last in the area 30 minutes before the incident.

Plaintiff further tries to discredit Deler's testimony because Deler testified that she walks through her department every 10 minutes, while the store manager testified that she would only expect Deler to walk through the department at least once an hour. Plaintiff asserts that this is a conflict in the evidence which creates another issue of material fact. However, the manager's and Deler's testimony are not inconsistent. Simply because Deler exceeds her manager's expectations in performing parts of her job does not create a material issue of fact as to how often she performs walk-throughs of her department. Because the uncontested evidence is that Deler

walked through the area where Plaintiff fell ten minutes before Plaintiff fell, Plaintiff has failed to meet her burden of establishing that the plastic was on the floor for a long enough period of time to charge Defendant with constructive notice of its presence on the floor. Consequently, there is no evidence that Defendant knew or should have known of the hazardous condition, the plastic on the floor, and this should have remedied the condition.

Plaintiff also maintains that she is entitled to an inference that Defendant's employee Lewis was not in the area 10-15 minutes before Plaintiff's incident. Plaintiff is correct that the evidence creates a genuine issue of material fact regarding when Lewis was last in the area, because his testimony that he accompanied a guard carrying money conflicts with the manager's testimony that Lewis would not do that. However, this issue does not prevent summary judgment in favor of Defendant because, as set out above, there is no issue of material fact as to when *Deler* was last in the area. Consequently, Defendant is entitled to summary judgment because Plaintiff cannot establish that Defendant knew or should have known of the hazardous condition, the piece of plastic on the floor, and thus had a duty to remedy the condition.

Finally, Plaintiff, her sister, and her daughter all admitted that they did not know how the nature of the traffic or the condition of the Home section prior to Plaintiff's fall. Plaintiff's sister's and daughter's "mess" testimony and the pictures depicting a "mess" only pertained to other areas of the store. Further, based on the items described as being on the floor, it appears that such items would not be in the Home section near the rugs. Thus, taking all of the inferences in the light most favorable to Plaintiff, it is insufficient as a matter of law to infer that Defendant had constructive notice of a dangerous condition in its Home area. Accordingly, it is

ORDERED that:

1. Plaintiff's Motion for Adverse Jury Instruction as a Result of Defendant's Spoliation of Evidence [DE-53] is DENIED.

2. Defendant's Motion for Summary Judgment [DE-51] is GRANTED.

3. All pending motions not otherwise ruled upon are DENIED as moot.

4. The Court will enter a separate judgment.

DONE and ORDERED in Miami, Florida, this 26th day of November, 2013.

*/s/ Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record